FILED
CLERK, U.S. DISTRICT COURT
MAY 22 2023
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION   BY DEPUTY

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO GOMEZ-CUZME -Petitioner- | Case No. 2:23-cv-01753-ODW-SHK |
| Vs. | HONORABLE MAGISTRATE JUDGE SHASHI H. KEWALRAMANI |
| WARDEN, B. BIRKHOLZ -Respondent- | May 15,2023 |

**PETITIONER'S RESPONSE TO THE RESPONDENT'S MOTION TO DISMISS HIS PETITION**

Pro Se petitioner Jose Antonio Gomez-Cuzme, without benefits of counsel, hereby respectfully submits his response to Respondent's motion to dismiss his petition. In particular, petitioner respectfully disagrees with Respondent that there is a final deportation Order against him. A mere Notice of Removal Order issued by the --- Department of Homeland Security (DHS) may not and cannot be --- interpreted as a final deportation Order the Congress intended and/or meant at the time 18 U.S.C.§3632(d)(4)(E) was enacted into law pursuant to the First Step Act for the following reasons:

1. 8 CFR §1241.31 describes what constitutes a Final Order of --- Deportation as follows:

> Except as otherwise required by section 242(c) of the Act for specific purposes of that section, an Order of deportation, including an alternate Order of deportation coupled with an Order of voluntary departure, made by the immigration judge in proceedings under 8 CFR part 1240 shall become **final upon dismissal of an appeal by the Board of Immigration Appeals,** upon waiver of appeal, or upon expiration of the time allotted for an appeal when no appeal is taken; or, if such an Order is issued by the Board or approved by the Board upon certification, it shall be **final** as of the date of the Board's decision.

2. Had the Congress intended to any include any deportation Order, it could have just used the word Deportation Order, but instead it choose to use the word Final Deportation Order.
3. Petitioner has not been seen by an immigration judge or appeared in the immigration Court for a removal proceedings by an immigration judge.
4. Petitioner has also not waived any of his rights for a hearing before an immigration judge and no any deportation Order has been issued an immigration judge petitioner has received or he is aware of.
5. Finally, the DHS issued removal Order is not final Order because petitioner may challenge or appeal it an immigration judge.

There be no doubt, the final deportation Order the Congress meant and intended is the one described under 8 CFR §1241.31. It's just logic,...a final Order, as in this regard, is an Order that cannot be appealed or challenged and not an issued removal Order by an agency such as DHS in this case. For example, a Board of Immigration Appeals decision is a final Order and cannot be appealed. For -- instance, an Officer with the Immigration and Customs Enforcement denies an applicant asylum and enters a deportation Order. Then the applicant's case is heard by an immigration judge who also denies the asylum and Orders the applicant's deportation. The Board of Immigration Appeals (BIA), however, vacates the immigration judge's Order and grants the asylum to the applicant. The BIA decision is the final Order and no deportation of the applicant will occur meaning the BIA decision is final including to deportation or removal Orders of noncitizens from the United States. Further review of the BOP policy statement issued following the implementation

of the First Step Act indicates no any policy or a memorandum has been issued regarding noncitizens federal inmates. For example no policy addresses the current BOP practice that denies noncitizen inmates (or categorically excludes them) from earning First Step Act Time Credits if they cooperated with the immigration and Customs Enforcement for their removal or sign any DHS issued document while still in the BOP custody. This is the very reason the Congress had in mind at the time the First Step Act was drafted, in which the Congress choose to use the word final deportation Order and not a removal/deportation Order as Respondent appears to believe. The Congress didn't want to discourage programing of noncitizens or their cooperations for removal with ICE while still in the custody of BOP. Thus, Respondent's argument that Orders issued pursuant to 8 U.S.C.§1225(b)(1) constitute the meaning of a final deportation Order the Congress meant pursuant to 18 U.S.C. §3632(d)(4)(E) is misplaced and has no merits, because as discussed earlier petitioner may appeal or challenge this very Order to an immigration judge and 8 CFR §1241.31 clearly describes what constitutes a final Order of deportation under the immigration laws.

Furthermore, [E]xhaustion can be waived if pursuing those [administrative] remedies would be futile." Ward v. Chavez, 678 F.3d 1042,1045(9th Cir.2012). "[W]here the agency's position on the question at issue (as in the instant case) appears already set, and it is very likely what the result of recourse to administrative remedies would be, such recourse would be futile and is not required." El Rescate Legal Services,Inc. v. Executive Off.Of Immigr. Review,959 F.2d 742,747(9th Cir.1991)(internal quotation marks omitted).

A review of Respondent's motion to dismiss indicates two-conflicting positions advanced by Respondent,i.e, while on one hand the -- Respondent requests that the petition be dismissed for failure to exhaust administrative remedies, then on the other-hand that it should be dismissed because petitioner is ineligible to apply for the First Step Act Time Credits because according to the BOP he has a final deportation Order against him. Literally, the BOP is requesting the Court to allow them to spin petitioner around --- under the color of administrative remedy process although the BOP has predetermined that petitioner is ineligible to receive FSA --- Earned Time Credits, the fact that by itself renders exhaustion -- futile. see,e.g.,<u>Madigan v. McCarthy</u>,530 U.S.140,146-49,112 S.Ct 1081,117 L.Ed.2d 291(1992),superseded on other grounds,42 U.S.C. §1997(e). Indeed, no grievance procedure petitioner may pursue to change the position taken by the BOP that he is ineligible to apply for FSA ETCs towards his early release. Furthermore, it appears Respondent believes that petitioner did not file any administrative remedies while on March 24,2023, petitioner actually submitted a written informal resolution BP-8 request with Case Manager Ms. Cannabas at this USP Lompoc facility. see **EXHIBIT 1.** No response has been received by petitioner to date. id. Petitioner also have submitted a BP-9 with the Warden on May 12,2023. And while Respondent did not mention how long or the period the administrative remedies normally take before receiving a final decision from the BOP --- General Counsel, it could take anywhere from Six-months upto a year. Petitioner has a projected release date of October 4,2023,

approximately five months from today's date. And according to the BOP's own calculation of his FSA time credits assessment petitioner has Earned Time Credits of 360 days. And if the BOP applied these FSA ETCs of 360 days towards early release of petitioner, he -- could have been released from the BOP custody last year in October of 2022. Indeed,...this is the kind of situation where Courts -- have excused the exhaustion of administrative remedies. Furthermore where the petitioner, (as here in this case), presents a pure --- question of law, an administrative remedy serves no useful purpose. see,e.g., Coleman v. U.S.Parole Comm'n,644 F.App'x 159,162(3rd Cir. 2016)("[W]e have determined that exhaustion is not required with regard to claims which turn only on statutory construction. This is especially so where it is unlikely that the agency will change its position, or where the claims turn on broader questions of legal interpretation."). Here, the BOP appears to interpret or at least suggest that the United States Congress' intent to -- include a Final Deportation Order in the list for ineligibility of FSA time credits **meant**, according to the BOP,..any removal Order issued against a noncitizen,...including to a Notice of Removal Order such as the one issued against petition by DHS. Petitioner disagrees and respectfully requests this Honorable -- Court to clarify what the Congress meant by using the word 'Final Deportation Order'.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons and any other reasons the Court may deem just and appropriate, petitioner prays that his petition be granted and the Court Order his immediate release --

5

from the BOP custody as time served, as he has satisfied the ... prison portion of his sentence.

Respectfully Submitted

*[signature]*

Jose Antonio Gomez-Cuzme
#62280-298
USP Lompoc
3901 Klein Boulevard
Lompoc, CA 93436

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the Petitioner's Response to the Respondent's Motion to Dismiss his petition is being served on May 15, 2023, to the Assistant United States Attorney Jeremy K. Beecher at 312 North Spring Street Los Angeles, California 90012. I have prepaid for the delivery of the mail and I placed it in the prison mail on May 15, 2023.

Respectfully Submitted by:

*[signature]*

Jose Antonio Gomez-Cuzme
#62280-298
USP Lompoc
3901 Klein Boulevard
Lompoc, CA 93436

# EXHIBIT 1

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**AFFIDAVIT OF JOSE ANTONIO GOMEZ-CUZE**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I, Jose Antonio Gomez-Cuzme, declares under penalty of perjury that the following is true and correct to the best of my ---- knowledge:

1. I'm the plaintiff/petitioner in the civil case number 2:23-cv-01753-ODW-SHK.

2. I'm over the age of eighteen years and I'm competent to provide testimony if called.

3. On March 24,2023, I personally handed a written informal resolution form (also known as BP-8) to Case Manager Ms. Cannabas at USP Lompoc.

    In the form, I requested for the First Step Act Earned Time Credits of 360 days I earned to be applied towards my early release, and immediately release me as time served, because I have satisfied the prison portion of my sentence.

4. As of today's date of May 15,2023, I have received no response. So I have decided to submit a BP-9 form for a follow-up.

Further the Affiant Sayth Not.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I, submit this Affidavit pursuant to Title 28 U.S.C.§1746, a law that permits statements to be made under penalty of perjury as a substitute for notarization.

May 15,2023
DATE                                                    SIGNATURE

JOSE A
#62280-298
UNITED STATES PENITENTIARY
3901 KLEIN BOULEVARD
LOMPOC, CA 93436
LEGAL DOCUMENT





⇔62280-298⇔
Office Of The Clerk
255 E Temple ST
Room 180
LOS Angeles, CA 90012
United States





LEGAL DOCUMENT

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

FCI LOMPOC
3600 GUARD ROAD
LOMPOC, CA 93436
DATE 5/17/23

The following letter was processed through special mailing procedures for forwarding to you. The letter has been neither opened or inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer enclosed correspondence for forwarding to another address, please return the enclosed to the above address.