E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JEREMY K. BEECHER (Cal. Bar No. 301272)
Assistant United States Attorney
        1200 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-5429
        E-mail:   Jeremy.Beecher@usdoj.gov

Attorneys for Respondent
B. BIRKHOLZ

### UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| JOSE ANTONIO GOMEZ-CUZME, | No. 2:23-cv-01753-ODW-SHK |
|---|---|
| Petitioner, | REPLY IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| B. BIRKHOLZ, | |
| Respondent. | |

        Respondent B. Birkholz, Warden of the United States Penitentiary

at Lompoc, California, by and through his attorney of record, the

United States Attorney for the Central District of California and

//

//

//

//

//

//

//

//

//

Assistant United States Attorney Jeremy K. Beecher, respectfully submits this Reply in support of his Motion to Dismiss Petitioner Jose Antonio Gomez-Cuzme's Petition for Writ of Habeas Corpus.

Dated: May 30, 2023                    Respectfully submitted,

                                       E. MARTIN ESTRADA
                                       United States Attorney

                                       MACK E. JENKINS
                                       Assistant United States Attorney
                                       Chief, Criminal Division


                                       _____/s/_____
                                       JEREMY K. BEECHER
                                       Assistant United States Attorney

                                       Attorneys for Respondent
                                       B. BIRKHOLZ

1

## REPLY IN SUPPORT OF MOTION TO DISMISS

Petitioner's opposition to Respondent's Motion to Dismiss rests on two arguments, neither of which is supported by law.[1]

First, Petitioner is incorrect that he is not subject to a final order of removal because his removal order was not issued by an immigration court.  In support of this argument, Petitioner points to a regulation governing immigration courts and defining when an immigration court's order of removal becomes final.  See 8 C.F.R. § 1241.31.  As set forth in Respondent's Motion to Dismiss, however, the Immigration and Nationality Act permits immigration officers to issue final orders of removal outside the immigration court system. See 8 U.S.C. § 1225(b)(1).  The Act limits review of such orders of removal to circumstances not present here.  8 U.S.C. § 1225(b)(1)(C). Petitioner is simply wrong that a final order of removal must have been issued by an immigration court, and the regulation Petitioner cites is wholly irrelevant here.

Second, Petitioner offers no cogent reason that he should not be required to exhaust administrative remedies before seeking relief in this Court.  Petitioner's argument that the very fact of BOP's defense in this case makes administrative exhaustion futile is circular and would obviate that requirement in essentially every case, which the law does not permit.  See Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986).  Further, a core purpose of the exhaustion requirement is to allow BOP to develop a full factual and

_____

[1] Petitioner's opposition is also untimely by nearly two months. (Dkt No. 4.)  As a result, the Court should adhere to its April 25, 2023, minute order and deem Respondent's Motion to Dismiss unopposed. (Dkt No. 10.)

1   legal record before judicial review occurs.  See Ruviwat v. Smith,

2   701 F.2d 844, 845 (9th Cir. 1983) (exhaustion requirement permits the

3   "appropriate development of a factual record in an expert forum[,]

4   conserve[s] the court's time because of the possibility that the

5   relief applied for may be granted at the administrative level[,] and

6   allow[s] the administrative agency an opportunity to correct errors

7   occurring in the course of administrative proceedings").  This case

8   underscores the need for such a record.  Finally, Petitioner

9   belatedly filed an administrative remedy request following

10  Respondent's Motion to Dismiss, which further underscores that

11  Petitioner can, in fact, seek an administrative remedy within BOP.

12  He should therefore be required to exhaust that process before

13  seeking relief from this Court.

14      Accordingly, for these reasons and those set forth in

15  Respondent's moving papers, the Court should dismiss the Petition for

16  Writ of Habeas Corpus.

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

I, <u>Cissye Tyus</u>, declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of: **REPLY IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

[ ] Placed in a closed envelope, for collection and interoffice delivery addressed as follows:

[**x**] Placed in a sealed envelope, for collection and mailing via United States mail, addressed as follows:

**Jose Antonio Gomez-Cuzme**
**REG. NO. 62280-298**
**USP LOMPOC**
**3901 KLEIN BOULEVARD**
**LOMPOC, CA 93436**

This certificate is executed on May 30, 2023, at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

*Cissye Tyus*
_____
Cissye Tyus
Legal Assistant