1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO GOMEZ-CUZME,<br><br>                   Petitioner,<br><br>          v.<br><br>B. BIRKHOLZ, Warden,<br><br>                 Respondent. | Case No. 2:23-cv-01753-ODW-SHK<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation ("R&R") is submitted to the Honorable Otis D. Wright, II, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## I.    SUMMARY OF RECOMMENDATION

On March 8, 2023, Petitioner Jose Antonio Gomez-Cuzme ("Petitioner"), proceeding pro se, filed an Emergency Petition for Release ("Petition") pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prisons ("BOP")'s refusal to apply time credits earned against his federal sentence under the First Step Act and requesting "immediate release."  Electronic Case Filing Number ("ECF No.") 1,

Petition at 1.[1]  On March 23, 2023, Respondent B. Birkholz ("Respondent") filed a Motion to Dismiss the Petition.  ECF No. 8, Notice of Motion and Motion to Dismiss Petition ("Motion to Dismiss").  Petitioner filed his untimely opposition on May 15, 2023.[2]  ECF No. 11, Petitioner's Response to Respondent's Motion to Dismiss ("Opposition").  Respondent filed a reply on May 30, 2023.  ECF No. 12, Reply in Support of Respondent's Motion to Dismiss ("Reply").

For the reasons discussed in this R&R, the Court recommends that Respondent's Motion to Dismiss be GRANTED and the action be DISMISSED.

## II.    PROCEDURAL HISTORY

On October 11, 2018, Petitioner was convicted of conspiracy to distribute cocaine intended for unlawful importation, in violation of 21 U.S.C. §§ 952, 960, 963, and sentenced to a term of 87 months in prison.  ECF No. 1, Petition at 1.  He has a projected release date of October 4, 2023.  Id. at Exh. 1 at 10.  On July 11, 2019, an immigration officer with the Department of Homeland Security ("DHS") determined that Petitioner was inadmissible to the United States and subject to expedited removal.  Id. at Exh. 2 at 22-23.  On July 17, 2019, a supervisor with DHS found Petitioner inadmissible as charged and ordered Petitioner removed under section 235(b)(1) of the Immigration and Nationality Act.  Id. at Exh. 2 at 22.  On September 4, 2019, a letter from the U.S. Department of Justice, International Prisoner Transfer Unit, was sent to Servicio Nacional de Atencion

---

[1] With respect to the parties' filings, the referenced page numbers will be those assigned by the Court's ECF system.

[2] Under the mailbox rule, "[w]hen a prisoner gives prison authorities a habeas petition or other pleading to mail to court, the court deems the petition constructively 'filed' on the date it is signed[,]" which in this case was May 15, 2022.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); see also Houston v. Lack, 487 U.S. 266, 270 (1988).  Petitioner's Opposition was due seven days from the date of service of the Motion to Dismiss, which was filed on March 23, 2023.  ECF No. 4, Order at 2.  When Petitioner did not timely file a response, the Court sua sponte granted Petitioner a final opportunity to respond to the Motion to Dismiss, ordering Petitioner to respond on or before May 16, 2023.  ECF No. 10, April 25, 2023 Minute Order.  Respondent argues that due to the untimely filing, the Court should decline to consider Plaintiff's Opposition.  ECF No. 12, Reply at 3 n.1.  Because Petitioner responded before the Court's final deadline, and because Respondent had adequate time to prepare and file a reply brief addressing Plaintiff's arguments, the Court shall consider the Opposition.

Integral a Personas Adultas Privadas in Quito, Ecuador, requesting approval to transfer Petitioner to Ecuador to serve his prison sentence. Id. at Exh. 2 at 20-21. The transfer has not occurred, and Petitioner remains in federal custody. Id. at Petition at 1-2.

### III. DISCUSSION

Petitioner claims that the BOP has refused to apply the credits he earned under the First Step Act because of the immigration detainer lodged against him by the Immigration and Customs Enforcement. ECF No. 1, Petition at 1. Respondent argues this matter should be dismissed for two reasons. First, Petitioner did not exhaust his administrative remedies, which he was required to do before bringing this matter to the federal courts. ECF No. 8, Motion to Dismiss at 5-6. Second, the Petition fails to state a claim because Petitioner is subject to a final order of removal, which bars him from applying time credits earned under the First Step Act. Id. at 6.

**A.** __Exhaustion Would Be Futile.__

"[H]abeas petitioners [must] exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). "[T]he requirement of exhaustion of remedies [aids] judicial review by allowing the appropriate development of a factual record in an expert forum; conserve[s] the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow[s] the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983) (per curiam). This requirement may be waived, however, because it is not jurisdictional and "if pursuing those [administrative] remedies would be futile." Ward, 678 F.3d at 1045 (internal quotation marks omitted) (quoting Fraley v. U.S. Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993)). Waiver is also available "where administrative remedies are inadequate or not efficacious, . . . irreparable injury will result, or the

administrative proceedings would be void." <u>S.E.C. v. G.C. George Sec., Inc.</u>, 637 F.2d 685, 688 n.4 (9th Cir. 1981).  A "key consideration" for courts in deciding whether to exercise its discretion to waive the exhaustion requirement is whether "relaxation of the requirement would encourage the deliberate bypass of the administrative scheme."  <u>Laing v. Ashcroft</u>, 370 F.3d 994, 1000 (9th Cir. 2004) (citation omitted).

Inmates may seek formal review of issues relating to any aspect of their confinement, including computation of their credits, through an administrative remedy process.  <u>See</u> 28 C.F.R. § 542.10; <u>see also</u> <u>United States v. Wilson</u>, 503 U.S. 329, 335-36 (1992) ("[f]ederal regulations have afforded prisoners administrative review of the computation of their credits . . . and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies").  Generally, in order to exhaust available administrative remedies, an inmate must proceed through a four-step process using the appropriate form:  (1) informal resolution (Form BP-8); (2) formal written administrative remedy request to the Warden of the facility of incarceration (Form BP-9); (3) appeal to the Regional Director (Form BP-10); and (4) appeal to the General Counsel (Form BP-11).  <u>See</u> 28 C.F.R. §§ 542.13-542.15.  A final decision on the merits of the claim from the General Counsel (at the BP-11 level) completes the BOP administrative remedy process.  <u>See</u> 28 C.F.R. §§ 542.15(a), 542.18.

In the Petition, Petitioner acknowledged that he has not exhausted his administrative remedies, but argues that exhaustion would be futile because the BOP has already refused to apply the First Step Act time credits towards his early release.  ECF No. 1, Petition at 6-7.  By the time he filed the Opposition, Petitioner had started the administrative remedy process by filing an informal resolution form (BP-8) with a case manager on March 24, 2023, but argues that exhaustion should be excused because his release date may occur before he receives a final decision from the BOP.  ECF No. 11, Opposition at 4.  Petitioner also argues that

1    exhaustion should be excused so the Court can clarify Congress's intent with

2    respect to the meaning of "Final Deportation Order." Id. at 5.

3         The Court finds that the exhaustion requirement should be excused in this

4    case due to futility.  It appears that Petitioner's administrative claim would be

5    rejected given that the BOP has already determined, consistent with the applicable

6    federal statute and regulation, that Petitioner's time credits cannot be applied

7    towards early release.  ECF No. 1, Petition at 4 & Exh. 3 at 25; see also 18 U.S.C.

8    § 3632(d)(4)(E)(i); 28 C.F.R. § 523.44(a)(2).  Because administrative appeal would

9    be futile, the exhaustion requirement should be excused.

10   **B.**    **The Petition Fails To State A Claim Because The Plain Language Of**

11            **The Act Excludes Time Credits For Final Removal Orders.**

12        Respondent argues that Petitioner is barred from applying the time credits

13   towards early release under the First Step Act because Petitioner is subject to a

14   final order of removal.  ECF No. 8, Motion to Dismiss at 6.  Petitioner argues that

15   he is not subject to a final order of removal because he may challenge or appeal the

16   order to an immigration judge under 8 C.F.R. § 1241.31.  ECF No. 11, Opposition

17   at 2.

18        The First Step Act expanded the opportunity for eligible inmates to earn

19   time credits towards pre-release custody.  See 18 U.S.C. § 3624(b)(1).  The Act

20   specifically excludes prisoners who are "the subject of a final order of removal

21   under any provision of the immigration laws."  18 U.S.C. § 3632(d)(4)(E)(i); see

22   also 28 C.F.R. § 523.44(a)(2) (prohibiting BOP from applying First Step Act

23   credits to a prisoner who is subject to a final order of removal).  "[A] 'final order

24   of removal' is a final order 'concluding that the alien is deportable or ordering

25   deportation.'"  Nasrallah v. Barr, 140 S. Ct 1683, 1690 (2020) (quoting 8 U.S.C. §

26   1101(a)(47)(A)).

27        Here, Petitioner is subject to a final removal order under section 235(b)(1) of

28   the Immigration and Nationality Act ("INA"), and is thus ineligible to apply time

1   credits under the First Step Act.  ECF No. 1, Petition, Exh. 2 at 22.  In the Petition,

2   Petitioner construes the removal order as an immigration detainer, likely because

3   inmates who are subject to an immigration detainer are not excluded from applying

4   earned time credits under the First Step Act.  See BOP Change Notice 5410.01

5   (striking language from Program Statement 5410.01, First Step Act of 2018, and

6   ensuring federal prisoners subject to immigration detainers are no longer

7   automatically prohibited from applying earned time credits).  He is not, however,

8   subject to an immigration detainer.  The order of removal makes Petitioner

9   ineligible to apply time credits under the First Step Act.  18 U.S.C.

10  § 3632(d)(4)(E)(i).

11         Petitioner's argument in the Opposition is similarly unavailing.  He argues

12  that he is subject to a Notice of Removal Order that cannot be interpreted as a final

13  deportation order pursuant to 8 C.F.R. § 1241.31 because he may appeal the order

14  to an immigration judge.  ECF No. 11, Opposition at 3.  Not so.  Here, as reflected

15  in the Notice and Order of Expedited Removal (ECF No. 1, Petition at 22), an

16  immigration officer determined that Petitioner was inadmissible under INA

17  § 212(a)(7)(A)(i)(I), and a supervisor reviewed and approved the determination,

18  which made the order final.  See 8 C.F.R. § 235.3(b)(7) ("Any removal order

19  entered by an examining immigration officer pursuant to section 235(b)(1) of the

20  Act must be reviewed and approved by the appropriate supervisor before the order

21  is considered final.").  Expedited removal orders are generally not subject to

22  administrative appeal.  See 8 U.S.C. § 1225(b)(1)(C) (generally barring

23  "administrative appeal" of removal orders); see also INA § 242(a)(2)(A)(i) (with

24  limited exceptions, no court has jurisdiction to review "any individual

25  determination[,] or to entertain any other cause or claim[,] arising from or relating

26  to the implementation or operation of an order of removal pursuant to section

27  235(b)(1)"); Mendoza-Linares v. Garland, 51 F.4th 1146, 1155 (9th Cir. 2022)

28  (holding, under section 242(a)(2)(A), the Ninth Circuit lacked jurisdiction over

petitioner's expedited removal order).  None of the exceptions is applicable to review by an immigration judge.  <u>See</u> INA § 242(e).  In sum, Petitioner is subject to a final expedited removal order that makes him ineligible to apply time credits under the First Step Act.

Accordingly, Petitioner fails to state a claim upon which relief may be granted, and dismissal is warranted.

## IV.  RECOMMENDATION

IT THEREFORE IS RECOMMENDED that the District Court issue an Order:  (1) accepting and adopting this Report and Recommendation; (2) granting Respondent's motion to dismiss the Petition; and (3) directing that Judgment be entered dismissing this action with prejudice.

DATED:   June 1, 2023

_____
HON. SHASHI H. KEWALRAMANI
United States Magistrate Judge

## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file Objections as provided in the Local Rules and review by the District Judge whose initials appear in the docket number.  No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.